Filed 10/8/24  P. v. Vasquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099755 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F03259) |
| v. | |
| JORGE VASQUEZ, | |
| Defendant and Appellant. | |

Defendant Jorge Vasquez appeals from a postconviction order denying his request for recall and resentencing under Penal Code section 1172.75.[1]  His appointed counsel asks this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to determine whether there are any arguable issues on appeal.  Vasquez filed a supplemental brief contending that the trial court erred in concluding that he was ineligible for resentencing.  We affirm the trial court's order.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In November 2016, a jury convicted Vasquez of three counts of lewd and lascivious acts on a child under the age of 14 (§ 288, subd. (a)). He admitted allegations that he had suffered a prior strike conviction (§ 667, subds. (b)-(i)) and had served a prior prison term (§ 667.5, subd. (b)). In January 2017, the trial court sentenced him to an aggregate prison term of 25 years, which included the upper term of eight years doubled to 16 because of the prior strike, two additional terms of four years each (one-third the midterm doubled because of the prior strike), and one year for the prior prison term enhancement. (*People v. Vasquez* (Apr. 20, 2021, C083816) [nonpub. opn.].)

Vasquez appealed, and in a decision issued on April 20, 2021, this court agreed that his one-year prior prison term enhancement was invalid under then-newly enacted Senate Bill No. 136 (2019-2020 Reg. Sess.), "which amended section 667.5, subdivision (b) to limit a prior prison term enhancement to people who have served a sentence for certain sexually violent offenses." (*People v. Vasquez*, *supra*, C083816.) We "modif[ied] the judgment to strike [Vasquez's] one-year prior prison enhancement imposed pursuant to section 667.5, subdivision (b)," directed the trial court to prepare an amended abstract of judgment reflecting this modification for forwarding to the California Department of Corrections and Rehabilitation (CDCR), and affirmed the judgment as modified. (*People v. Vasquez*, *supra*, C083816.) This court declined to remand for resentencing. (*Ibid.*)

On August 23, 2021, the trial court filed an amended abstract.

Thereafter, on October 8, 2021, the Governor signed Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill No. 483) (Stats. 2021, ch. 728, § 3). Effective January 1, 2022, the enactment added section 1171.1, later renumbered as section 1172.75, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of

2

Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) The statute also sets forth a recall and resentencing mechanism for individuals serving prison sentences that include a section 667.5, subdivision (b) enhancement (other than for a sexually violent offense). (§ 1172.75, subds. (b)–(e).) Under that procedure, CDCR notifies the sentencing court that an inmate is serving a sentence that includes a covered section 667.5, subdivision (b) enhancement. (§ 1172.75, subd. (b).) Upon receiving the notification, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a). If the court determines that the current judgment includes an enhancement described in [section 1172.75,] subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

In this case, CDCR notified the trial court that Vasquez was eligible for resentencing under Senate Bill No. 483, and on July 13, 2023, the trial court appointed counsel to represent Vasquez. The People opposed resentencing. They argued that CDCR had erred in identifying Vasquez as an individual who qualified for resentencing because this court had previously struck his prior prison term enhancement.

The trial court ruled that Vasquez was not eligible for resentencing. It reasoned that this court had already struck Vasquez's prior prison term enhancement and had declined to remand for resentencing. Vasquez timely appealed.

DISCUSSION

Vasquez's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Vasquez was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed. He filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which

3

raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded that it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.) The court prescribed procedures for such cases, including that, when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) But the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Ibid*.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction proceeding under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) Although this is not a proceeding under section 1172.6, the same principles may apply to the postconviction context here. Following *Delgadillo*'s guidance, we have considered the arguments in Vasquez's supplemental brief.

Vasquez acknowledges that, in 2021, this court ordered his prior prison term enhancement to be struck. He nevertheless contends that he qualifies for resentencing because that enhancement was imposed prior to 2020 and CDCR identified him as eligible for resentencing.

We disagree. As noted above, section 1172.75, subdivision (c) directs that, upon receiving a notification from CDCR, the trial court "shall review the judgment and verify that the *current judgment* includes a sentencing enhancement described in subdivision (a)." (Italics added.) Because this court struck Vasquez's prior prison term

4

enhancement before the adoption of Senate Bill No. 483, the then "current judgment" did not include a sentencing enhancement imposed pursuant to section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).)  This fact distinguishes this case from *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, on which Vasquez relies.  *Christianson* concluded that section 1172.75 applies in cases where a section 667.5, subdivision (b) enhancement has been imposed but stayed.  (*Christianson*, at pp. 311-313; see, e.g., *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1278-1279, review granted Mar. 12, 2024, S283547 [defendant entitled to the striking of four stayed enhancements and a full resentencing in accordance with section 1172.75].)  In this case, there is no current prior prison term enhancement (stayed or otherwise) to strike. Vasquez is therefore ineligible for relief under section 1172.75.

## DISPOSITION

The trial court's order denying Vasquez's petition for resentencing under section 1172.75 is affirmed.

      /s/
      FEINBERG, J.

We concur:

 /s/
MAURO, Acting P. J.

 /s/
RENNER, J.

5